IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **KENNETH WATKINS,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:05-CV-466 (MTT) |
| **MICHAEL J. ASTRUE,** *Commissioner of Social Security*, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Claimant's Motion for Attorney's Fees. (Doc. 30). The Claimant originally sought $181.40/hr for 24.9 hours of work performed by Mr. Michael Phillips, plus $20.11 in expenses, totaling $4,536.97. The Commissioner responded that the Claimant is only entitled to $156.79/hr for work performed in 2005, $161.85/hr for work performed in 2006, and $166.46/hr for work performed in 2007, plus $20.11 in expenses, for a total of $4,051.26. The Claimant argues that the Court should award fees in this case using current, rather than historic, cost-of-living figures. The Court finds the Claimant's argument unpersuasive, and, for the reasons set forth below, awards attorney's fees in the amount of $4,031.15, plus $20.11 in expenses, for a total of $4,051.26.

Pursuant to the Equal Access to Justice Act ("EAJA"), "a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort) … brought by or against the United States … unless the court finds that the position of the United States was

substantially justified or that special circumstance make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Fees and other expenses" include reasonable attorney's fees. 28 U.S.C. § 2412(d)(2)(A). Attorney's fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." *Id.*

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the claimant's counsel sought attorney's fees pursuant to the EAJA for 57.8 hours at $125/hr, 13 hours at $125/hr, and 31 hours at $95/hr. The Government opposed any hourly rate greater than the then-statutory cap of $75/hr.[1] The district court granted the claimant $75/hr without applying the cost-of-living escalator and the claimant appealed.

The Eleventh Circuit interpreted section 2412(d)(2)(A) as establishing a two-part analysis for determining the appropriate hourly rate.

> The first step in the analysis … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor.

*Meyer*, 958 F.2d at 1033-34 (internal quotation marks omitted).

The Eleventh Circuit stated that "Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA awards from inflation" and that "this expectation will not be realized … if district courts, without explanation, refuse to consider increases in the cost of living when calculating EAJA fees." *Id.* at 1034. Although the Supreme Court has implied that the cost-of-living escalator is "next to

---

[1] The statutory cap was raised to $125/hr in 1996.

automatic," the Eleventh Circuit did not accept that interpretation as part of its holding because "[a]lthough it seems difficult to envision a situation in which the district court would not adjust the cap upward for inflation, such a situation theoretically could exist…." *Id.* at 1034-35.  Rather than deem the adjustment automatic, the Eleventh Circuit requires courts determining attorney's fees to "'articulate the decisions it made, give principled reasons for those decisions, and show its calculation.'" *Id.* at 1035 (quoting *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988)).  Because the district court did not explain its decision not to apply the cost-of-living escalator, the Eleventh Circuit remanded for reconsideration of the proper fee award.

Here, for the first step, the Court must determine the prevailing market rate.  The Court recently held in *Eaton v. Astrue*, 5:09-CV-383 (MTT) (Doc. 21), that the market rate for Mr. Phillips was at least $180/hr and exceeded the current statutory rate with inflation.  Although prior awards are not given "controlling weight," "there is some inferential evidentiary value to the prior award…." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000).  The Court still believes that the market rate for Mr. Phillips' services exceeds the current statutory rate with inflation, and, therefore, the Court must proceed to the second step.

Turning to *Meyer's* second step, the Court cannot find a reason to decline to apply the cost-of-living escalator if the market rate is greater than or equal to the statutory cap with inflation.  Judge Clay Land recently clarified how to calculate the amount of inflation in *Hartage v. Astrue*, 2011 WL 1123401 (M.D. Ga. Mar. 24, 2011).  In *Hartage*, Judge Land held that the reasonable attorney's fees must reflect the year in

which the work was performed and that "enhancements to compensate for a delay in payment should be reserved for unusual cases, such as cases 'where the delay is unjustifiably caused by the defense.'" *Id.* at *2 (quoting *Perdue v. Kenny A. ex rel. Winn*, __ U.S. __, 130 S. Ct. 1662, 1675 (2010)). Judge Land did not find that the case was unusual and did not apply the enhancement. Thus, Judge Land calculated attorney's fees based upon the annual average Consumer Price Index for 2009 and 2010. Judge Land applied the February 2011 CPI for work performed that month.

Consistent with *Hartage*, the Court finds that Mr. Phillips worked 1.7 hours in 2005 at a rate of $156.79/hr, 21.1 hours in 2006 at a rate of $161.85/hr, and 2.1 hours in 2007 at a rate of $166.46/hr. Although the Claimant proposes a greater award of attorney's fees based on current cost-of-living figures to atone for the delay in payment, the Court is not persuaded by the Claimant's proposed method of calculation, and the Court further finds that this is not an unusual case in which an enhancement should be granted. Accordingly, the Court finds that the Claimant is entitled to $4,031.15 in attorney's fees.[2]

---

[2]

| Year | Rate | Hours | Total |
|---|---|---|---|
| 2005 | $156.79 | 1.7 | $266.54 |
| 2006 | $161.85 | 21.1 | $3,415.04 |
| 2007 | $166.46 | 2.1 | $349.57 |
|  |  |  | **$4,031.15** |

For the foregoing reasons, the Motion for Attorney's Fees is **GRANTED**.  The Claimant shall receive $4,031.15 in attorney's fees and $20.11 in expenses.

**SO ORDERED,** this 26th day of September, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
